**LAKE COUNTY PROPERTY TAX ASSESSMENT BOARD OF APPEALS, Petitioner,**

v.

**ST. GEORGE SERBIAN ORTHODOX CHURCH, Respondent.**

No. 49T10–0712–TA–72.

Tax Court of Indiana.

May 7, 2009.

Mark A. Thiros, Attorney at Law, Merrillville, IN, Attorney for Petitioner.

David M. Austgen, Timothy R. Kuiper, Joseph C. Svetanoff, Austgen Kuiper & Associates, PC, Crown Point, IN, Attorneys for Respondent.

FISHER, J.

The Lake County Property Tax Assessment Board of Appeals (PTABOA) challenges the final determination of the Indiana Board of Tax Review (Indiana Board) which granted St. George Serbian Orthodox Church (St.George) a property tax exemption for the 2003 tax year (year at issue). On appeal, the PTABOA argues that the Indiana Board erred when it de-

termined that St. George prima facie demonstrated that its cultural center qualified for the religious purposes exemption as provided in Indiana Code § 6–1.1–10–16.

## FACTS AND PROCEDURAL HISTORY

St. George is an Indiana not-for-profit corporation; its stated purpose is "to build, sustain and promote . . . [its] church, school and [ ] institutions beneficial to Orthodoxy, and to work towards promoting among [its] members love and unity—to mutually aid one another in moral and spiritual development; to assist in the administration and maintenance of local church property for their benefit and religious life." [1] (Cert. Admin. R. at 197 (footnote added).) To that end, St. George owns and operates its "Church–School Congregation" (Parish) in Schererville, Indiana. St. George's Parish consists of its church, a priest's residence, a garage, a community hall, a cultural center, and the 73.2 acres of land upon which those improvements stand. The cultural center is the subject of this appeal.[2]

The cultural center, at 39,000 square feet, contains church administration offices, conference rooms, and a banquet facility complete with its own kitchen. St. George uses the cultural center for church events including, *inter alia*, choir practice, folklore practice, church meetings, and fish fries. The cultural center's banquet facility is also available to the public for rent.

On March 3, 2003, St. George filed an application with the PTABOA, seeking a religious purposes exemption on the cultural center for the year at issue. On August 15, 2006, the PTABOA denied St. George's application because it believed the cultural center's predominant use was as a commercial banquet hall. (*See* Cert. Admin. R. at 375–76.) On September 12, 2006, St. George filed a Petition for Review (Form 132) with the Indiana Board. On October 22, 2007, after conducting a hearing on the matter, the Indiana Board reversed the PTABOA and held that St. George's cultural center was entitled to the exemption for the year at issue.

On December 3, 2007, the PTABOA initiated this original tax appeal. The Court heard the parties' oral arguments on February 6, 2009. Additional facts will be supplied as necessary.

## STANDARD OF REVIEW

This Court gives great deference to final determinations of the Indiana Board when it acts within the scope of its authority. *Knox County Prop. Tax Assessment Bd. of Appeals v. Grandview Care, Inc.*, 826 N.E.2d 177, 180 (Ind. Tax Ct.2005). Consequently, the Court will reverse a final determination of the Indiana Board only if it is:

(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

(2) contrary to constitutional right, power, privilege, or immunity;

(3) in excess of statutory jurisdiction, authority, or limitations, or short of statutory jurisdiction, authority, or limitations;

(4) without observance of procedure required by law; or

---

1. St. George has also been designated a 501(c)(3) organization by the Internal Revenue Service; as a result, its income is exempt from federal taxation. (*See* Cert. Admin. R. at 196.)

2. Apart from the cultural center, all of St. George's property was granted a religious purposes exemption for the year at issue. (*See* Pet'r Br. at 2.)

(5) unsupported by substantial or reliable evidence.

IND.CODE ANN. § 33–26–6–6(e)(1)–(5) (West 2009). The party seeking to overturn the Indiana Board's final determination bears the burden of demonstrating its invalidity. *See Osolo Twp. Assessor v. Elkhart Maple Lane Assocs.*, 789 N.E.2d 109, 111 (Ind. Tax Ct.2003).

## DISCUSSION AND ANALYSIS

In Indiana, all tangible property is subject to taxation. *See* IND.CODE ANN. § 6–1.1–2–1 (West 2009). Nevertheless, the Indiana Constitution provides that the legislature may exempt certain categories of property from taxation. *See* IND. CONST. art. X, § 1. Pursuant to this grant of authority, the legislature enacted Indiana Code § 6–1.1–10–16 which, during the year at issue, provided that "[a]ll or part of a building is exempt from property taxation if it is owned, occupied, and used ... for ... religious ... purposes." IND.CODE ANN. § 6–1.1–10–16(a) (West 2003). This exemption also generally extended to the land on which the building was situated, as well as the personal property contained therein. *See id.* at (c), (e).

■■■ The taxpayer bears the burden of proving that it is entitled to the exemption it seeks. *Indianapolis Osteopathic Hosp., Inc. v. Dep't of Local Gov't Fin.*, 818 N.E.2d 1009, 1014 (Ind. Tax Ct.2004) (citation omitted), *review denied.* In order to meet that burden, the taxpayer must present probative evidence at the Indiana Board hearing that not only demonstrates that it owns, occupies, and uses its property for an exempt purpose, but that the exempt purpose is the property's predomi-

nate use. *See id.* (citation omitted). *See also* IND.CODE ANN. § 6–1.1–10–36.3 (West 2003) (defining "predominate use" as more than 50% of a property's total use.)

■■■ In its final determination, the Indiana Board held that St. George met this burden. Indeed, the Indiana Board explained that during the administrative hearing, St. George not only presented evidence as to which church-affiliated organizations regularly used the cultural center, but it also provided a month-by-month listing of events that took place in the cultural center during tax years 2000, 2001, 2002, and 2003 ("calendar summaries"). (Cert. Admin. R. at 134–35.) (*See also* Cert. Admin. R. at 213–14, 229–46, 347–54.) The Indiana Board determined that these documents *prima facie* established that the cultural center was used 63% of the time for a religious purpose. (Cert. Admin. R. at 134–35.) The Indiana Board then explained that because the PTABOA failed to rebut this evidence during the administrative hearing, the cultural center was entitled to the exemption for the year at issue. (Cert. Admin. R. at 135–36.)

In its appeal to this Court, the PTABOA argues that the Indiana Board's determination is not supported by substantial or reliable evidence. (Pet'r Br. at 2.) Indeed, the PTABOA maintains that St. George's evidence was not only *not* detailed enough for the Indiana Board to determine whether the cultural center was predominantly used for religious purposes, but it was essentially the "wrong" evidence to make a prima facie case.[3] (*See* Pet'r Br. at 5–6

---

**3.** For instance, the PTABOA argues that St. George's calendar summaries were "absolutely silent as to the amount of space or time that any scheduled event occupied the [cultural c]enter." (Pet'r Br. at 5.) (*See also* Oral Argument Tr. at 4–6.) Furthermore, the PTA-

BOA argues that instead of presenting the "calendar summaries," St. George should have offered into evidence the original calendars and rental contracts, as they would have been "more accurate." (Pet'r Br. at 5.) (*See also* Oral Argument Tr. at 7.)

(footnote added).)   The PTABOA is incorrect.

Where the Indiana Board understands a taxpayer's evidence and assigns probative value to that evidence, this Court will not overturn the Indiana Board's final determination absent an abuse of discretion. *See French Lick Twp. Tr. Assessor v. Kimball Int'l, Inc.,* 865 N.E.2d 732, 739 (Ind. Tax Ct.2007).   To demonstrate an abuse of discretion, however, the PTABOA must do more than assert that St. George should have tried its case differently.   Rather, the PTABOA must show this Court that there is probative evidence in the administrative record that affirmatively demonstrates that St. George did not predominately use its cultural center for religious purposes.   The PTABOA has not met this burden, and therefore the Indiana Board's final determination must stand.[4]

## CONCLUSION

For the above stated reasons, the Indiana Board's final determination in this matter is AFFIRMED.

---

[4].  The lesson of this case is this:  assessing officials should defend their assessment decisions with their own evidence at the Indiana Board hearing, even if they think a taxpayer has failed to make a prima facie case.   Thus, to the extent the PTABOA believed that St. George's original calendars and rental contracts were necessary for the Indiana Board to make an accurate final determination, the PTABOA was responsible for getting that information into the administrative record. The PTABOA could have accomplished this through a variety of discovery tools.   Because the PTABOA failed to do so, the Court will not now reweigh St. George's initial case.