ST. GEORGE SERBIAN ORTHODOX CHURCH, Petitioner,

v.

LAKE COUNTY PROPERTY TAX ASSESSMENT BOARD OF APPEALS, Respondent.

No. 45T10–0712–TA–79.

Tax Court of Indiana.

May 7, 2009.

David M. Austgen, Timothy R. Kuiper, Joseph C. Svetanoff, Austgen Kuiper & Associates, PC, Crown Point, IN, Attorneys for Petitioner.

Gregory F. Zoeller, Attorney General of Indiana, Andrew W. Swain, Chief Counsel, Tax Section, Jessica E. Reagan, Deputy Attorney General, Indianapolis, IN, Attorneys for Respondent.

FISHER, J.

St. George Serbian Orthodox Church (St.George) challenges the final determination of the Indiana Board of Tax Review (Indiana Board) which denied it a property tax exemption for the 2001 and 2002 tax years (years at issue). The issue on appeal is whether St. George's cultural center is entitled to the religious purposes exemption for the years at issue.

### RELEVANT FACTS AND PROCEDURAL HISTORY

In 2000, St. George, an Indiana not-for-profit corporation, applied for, and received, a property tax exemption on the property it owned and operated in Schererville, Indiana. At that time, St. George's property consisted of its church, a priest's residence, a garage, a community hall, and the 73.2 acres of land upon which those improvements stood.

In 2001, St. George completed construction on a 39,000 square foot cultural center.[1] On March 3, 2003, St. George filed two applications with the Lake County Property Tax Assessment Board of Appeals (PTABOA) seeking a religious purposes exemption on the cultural center for each of the years at issue.[2] The PTABOA denied both applications because they were not timely filed pursuant to Indiana Code § 6–1.1–11–3.[3] St. George subsequently filed two Petitions for Review (Forms 132) with the Indiana Board.

The Indiana Board conducted a hearing on St. George's Forms 132 on July 25, 2007. During the hearing, St. George presented two arguments. First, it claimed that because its property had received a full exemption in 2000, it was not required to file another exemption application until 2002 pursuant to Indiana Code § 6–1.1–11–3.5(a). (*See* Cert. Admin. R. at 554–55.) In the alternative, St. George argued that its due process rights had been violated because it neither received notice of, or a tax bill with respect to, the increase in its assessment resulting from the newly-constructed cultural center for either of the years at issue as required by statute.[4,5]

---

1. The cultural center contains church administration offices, conference rooms, and a banquet facility complete with kitchen.

2. Indiana Code § 6–1.1–10–16 provides that "[a]ll or part of a building is exempt from property taxation if it is owned, occupied, and used ... for ... religious ... purposes." IND. CODE ANN. § 6–1.1–10–16(a) (West 2009). This exemption also extends to the land on which the building is situated, as well as the personal property contained therein. *See id.* at (c), (e).

3. Indiana Code § 6–1.1–11–3 provided, in relevant part, that a taxpayer seeking a religious purposes exemption was required to file a certified application annually on or before May 15th. *See* IND CODE ANN. § 6–1.1–11–3(a) (West 2001).

4. St. George argued that it was to either receive notice of the assessment increase pursuant to Indiana Code § 6–1.1–13–1, or through its tax bill pursuant to Indiana Code § 6–1.1–15–13. St. George maintained that it received neither. (*See generally* Cert. Admin. R. at 552–54.)

5. In other words, St. George argued that because it had "received an exemption [prior to 2001] equal to its assessed value and never paid real property taxes, [it] had no reason to

(*See* Cert. Admin. R. at 552–54 (footnotes added).) Consequently, St. George argued that the assessment increase was invalid and the assessment should therefore be returned to its 2000 status (i.e., 100% exempt). (*See* Cert. Admin. R. at 552–54.)

On October 22, 2007, the Indiana Board issued a final determination in which it upheld the PTABOA's denial. More specifically, the Indiana Board explained that the exemption St. George had in place for the 2000 tax year did not cover the newly-constructed building and St. George was therefore required to file exemption applications thereon by May 15th of the years at issue. (Cert. Admin. R. at 131–32 ¶¶ 27–28.) Moreover, the Indiana Board explained that St. George's tax bills constituted sufficient notice of the increase in its assessment and therefore St. George's due process rights had not been violated. (*See* Cert. Admin. R. at 132–33 ¶ 31.)

St. George filed an appeal with this Court on December 5, 2007. The Court heard the parties' oral arguments on February 6, 2009. Additional facts will be supplied as necessary.

## ANALYSIS AND OPINION

### Standard of Review

■ When this Court reviews an Indiana Board final determination, it is limited to determining whether it is:

(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

(2) contrary to constitutional right, power, privilege, or immunity;

(3) in excess of statutory jurisdiction, authority, or limitations, or short of statutory jurisdiction, authority, or limitations;

(4) without observance of procedure required by law; or

(5) unsupported by substantial or reliable evidence.

IND.CODE ANN. § 33–26–6–6(e)(1)–(5) (West 2009). The party seeking to overturn the Indiana Board's final determination bears the burden of demonstrating its invalidity. *Osolo Twp. Assessor v. Elkhart Maple Lane Assocs.*, 789 N.E.2d 109, 111 (Ind. Tax Ct.2003).

### Discussion

■ On appeal, St. George claims that the Indiana Board's determination that it received notice of the change in its assessment through its tax bills is not supported by the evidence. (*See* Pet'r Reply Br. at 1–2.) St. George explains, however, that the Court need not even address the issue given that pursuant to a recent, *retroactive* amendment to Indiana Code § 6–1.1–11–3, its exemption applications for the years at issue were in fact timely filed. (Pet'r Br. at 7–8.) St. George is correct.

In 2008, the legislature enacted a non-code statutory provision [6] which provided the following:

(a) The definitions in IC 6–1.1–1 apply to this SECTION.

(b) This SECTION applies only to an entity that meets all of the following conditions:

(1) The entity is:

(A) a nonprofit:

---

inquire about or suspect that the assessed value had been changed." (Pet'r Br. at 3–4 (footnote omitted).)

**6.** "A 'non-code' section is one which, though enacted with a piece of legislation, is not codified within the Indiana Code. Such 'non-

code' provisions ... are appropriately considered by a court when interpreting [ ] statute[s]." *Sullivan v. Day*, 661 N.E.2d 848, 851 n. 3 (Ind.Ct.App.1996), *vacated in part on other grounds by* 681 N.E.2d 713 (Ind.1997).

(i) corporation; or

(ii) limited liability company;

that is organized for educational, literary, scientific, religious, or charitable purposes; or

(B) a local chapter of a nonprofit entity referred to in clause (A).

(2) For the assessment date in a calendar year after 2000:

(A) tangible property owned by the entity was, except for the entity's failure to timely file an application under IC 6–1.1–11 for property tax exemption, otherwise eligible for an exemption;

(B) the entity failed to timely file an application under IC 6–1.1–11 for property tax exemption for the tangible property for the assessment date; and

(C) the entity's tangible property was subject to taxation for the assessment date.

(3) The tangible property, or other property owned by the entity in the same county, was exempt from taxation in either:

(A) the calendar year before the year containing the assessment date described in subdivision (2); or

(B) the calendar year two (2) years before the year containing the assessment date described in subdivision (2).

(c) Notwithstanding any provision of IC 6–1.1–11 or any other law specifying the date by which an application for property tax exemption must be filed to claim an exemption for a particular assessment date, an entity described in subsection (b) may before January 1, 2008, file with the county assessor an application for property tax exemption for an assessment date described in subsection (b)(2).

(d) Notwithstanding any provision of IC 6–1.1–11 or any other law, an application for property tax exemption filed under subsection (c) is considered to be timely filed, and the county property tax assessment board of appeals shall grant an exemption claimed for the assessment date on the application upon the county property tax assessment board of appeals's determination that:

(1) the entity's application for property tax exemption satisfies all other applicable requirements; and

(2) the entity's tangible property was, except for the failure to timely file an application for property tax exemption, otherwise eligible for the claimed exemption.

\*     \*     \*     \*     \*     \*

(f) This SECTION expires January 1, 2009.

2008 Ind. Acts 131, § 66 (eff.1–1–2001). This non-code section clearly evidences the legislature's intent to allow taxpayers until January 1, 2008 to file their exemption applications for the years at issue. *Id.* Because St. George's exemption applications were filed on March 3, 2003 for the years at issue, they were timely filed pursuant to Public Law 131–2008, § 66.[7,8]

---

**7.** The PTABOA argues that because St. George did not raise the applicability of the non-code provision as an issue at the Indiana Board administrative hearing, the issue cannot be considered now on appeal. (Resp't Br. at 8 (citing Ind.Code Ann. § 33–26–6–3(b) (West 2009) (which states that this Court's review of Indiana Board decisions "is limited to only those issues raised before the [Indiana Board], or otherwise described by the [Indiana Board], in its final determination")).) The Court disagrees for two reasons.

First, the applicability of the non-code provision could not have been raised as an issue at the July 7, 2007 Indiana Board hearing, given it was not enacted until 2008. Second, and more importantly, in applying the law to

## CONCLUSION

For the foregoing reasons, the Indiana Board's final determination in this case is REVERSED. The matter is REMAND-ED so that the Indiana Board may instruct the appropriate assessing officials to award St. George's cultural center the reli-gious purposes exemption under Indiana Code § 6–1.1–10–16 for the years at issue.

this case *now*, the Court must not only consider and apply the terms of Indiana Code § 6–1.1–11–3, but its non-code provisions as well. *See supra* note 6.

8. Given that the Court has determined that St. George's exemption applications for the years at issue were timely filed, the PTABOA requests that the matter be remanded to the Indiana Board to decide whether the evidence demonstrates that the cultural center was being used for an exempt purpose during the years at issue. (*See* Resp't Br. at 8; Oral Argument Tr. at 14–15.) The Court declines the PTABOA's request.

In another case handed down today, this Court affirmed the portion of the same Indiana Board final determination that held that St. George's cultural center was entitled to the religious purposes exemption for the 2003 tax year. *See Lake County Prop. Tax Assessment Bd. of Appeals v. St. George Serbian Orthodox Church*, Case No. 49T10–0712–TA–72, slip op., 905 N.E.2d 536 (Ind. Tax Ct. May 7, 2009). The Court notes that in that portion of the final determination, the Indiana Board explained that not only did St. George present unrebutted evidence demonstrating that the cultural center was predominately used for religious purposes in 2003, but for the years at issue in this case as well. (*See* Cert. Admin. R. at 134–36.)